FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 09, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JESSICA B.,

        Plaintiff,

   v.

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

NO: 2:25-CV-00361-RLP

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision, denying supplemental security income under Title XVI of the Social Security Act. ECF No. 8. The Court considered the matter without oral argument. The plaintiff alleges mental health limitations prevent her from working and contends the ALJ erred in evaluating the medical opinion evidence, her symptom testimony, and in considering the vocational expert's testimony at step

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 1

five. For the reasons discussed below, the Court concludes the ALJ did not commit harmful legal error. Therefore, Ms. B.'s brief, ECF No. 8, [1] is denied and the Commissioner's brief, ECF No. 12, is granted. The ALJ's decision is affirmed.

## BACKGROUND

Ms. B. was born in 1994 and was 27 years old at the time of application. *See* Tr. 194. She left school in the 11th grade and later obtained a GED. Tr. 602. She has work experience as a barista and food delivery driver. Tr. 43, 47.

Ms. B. alleges that she is unable to work due to her mental health after experiencing a traumatic event in 2020. Tr. 43-44. Ms. B. filed for supplemental security income (SSI) under Title XVI of the Social Security Act, alleging an onset date of August 30, 2020. Tr. 194-200. She claims her depression and mental illness cause limitations which prevent her from working. Tr. 257. Benefits were denied initially, Tr. 99-102, and upon reconsideration, Tr. 104-07.

Ms. B. thereafter appeared a hearing before an administrative law judge (ALJ) on August 22, 2024. Tr. 39-66. On September 18, 2024, the ALJ issued an unfavorable decision, Tr. 14-34, and on July 17, 2025, the Appeals Council denied

---

[1] Ms. B.'s opening brief is labeled a Motion for Summary Judgment. ECF No. 8. The supplemental rules for Social Security actions under 42 U.S.C. § 405(g) went into effect on December 1, 2022; Rule 5 and Rule 6 state the actions are presented as briefs rather than motions. Fed. R. Civ. P. Supp. Soc. Sec. R. 5, 6.

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 2

review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S.Ct. 1696 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 3

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 4

claimant's residual functional capacity (RFC), which is the is the most a claimant can do despite his or her limitations.  20 C.F.R. § 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ALJ'S FINDINGS

At step one, the ALJ found Ms. B. has not engaged in substantial gainful activity since March 1, 2021, the application date. Tr. 19. At step two, the ALJ found the following severe impairments: depression, anxiety, and posttraumatic stress disorder. Tr. 19. At step three, the ALJ found Ms. B. does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20.

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 5

With respect to the RFC, the ALJ found Ms. B has the capacity to perform a full range of work at all exertional levels except for the following nonexertional limitations: "she can perform simple tasks with occasional contact with coworkers and the public in a routine work setting." Tr. 22.

At step four, the ALJ considered the RFC finding and determined Ms. B. is unable to perform any past relevant work. Tr. 27. At step five, after considering Ms. B.'s RFC, the testimony of a vocational expert, and Ms. B.'s age, education, and work experience, the ALJ found there are jobs existing in significant numbers in the national economy the claimant can perform such as machine packager, marker, electrical sub assembler. Tr. 28.

Based on the adverse finding at step five, the ALJ determined Ms. B. has not been under a disability, as defined in the Social Security Act, since March 1, 2021, the date the application was filed. Tr. 29.

## ANALYSIS

Ms. B. assigns error to the ALJ's assessment of her symptom testimony and the proffered medical opinions. According to Ms. B., this resulted in a faulty RFC finding and as well as an error at step five. Ms. B. also challenges the vocational expert's testimony regarding absenteeism as another error in the step five. She requests remand for an award of benefits or, alternatively, remand for further administrative proceedings. Each assignment of error is discussed in turn.

A.    Symptom Testimony

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 6

A two-step process applies to an ALJ's assessment of a claimant's testimony regarding subjective pain and symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). Second, if there is such evidence and there is no sign of malingering, the claimant's testimony should generally be accepted unless there is clear and convincing evidence in support of rejection. *See Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). "[T] he ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

Here, the ALJ rejected Ms. B.'s testimony under the second step of the analysis. The ALJ agreed that Ms. B.'s "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but rejected Ms. B.'s testimony regarding the severity of the symptoms, reasoning that they were "not entirely consistent with the medical evidence and other evidence in the record." Tr. 24.

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 7

Ms. B. challenges the ALJ's analysis arguing: (1) the ALJ improperly relied on isolated incidents of normal functioning; (2) the ALJ did not identify which of her symptom statements were deemed not credible; and (3) the ALJ failed to explain how Ms. B.'s symptom testimony was inconsistent with her daily activities and participation in treatment. ECF No. 8 at 8-12, The Court finds these criticisms unavailing.

First, Ms. B. argues the ALJ "cherry-picked" a few isolated findings of normal mental health findings. ECF No. 8 at 8-9. The ALJ considered mental status exams and treatment notes throughout the treatment record, noting some findings of anxious and depressed mood and tearful affect or labile mood, but otherwise largely normal or unremarkable findings. Tr. 24, 581-82 (March 2021), 496-97 (August 2021), 431 (October 2021), 603 (January 2023), 692 (March 2023), 773-74 (August 2023), 725 (October 2023), 798 (October 2023), 812 (March 2024). Ms. B. restates her symptom claims but does not point to any objective findings contradicting the ALJ's conclusion. Ms. B. contends the records cited by the ALJ do not account for her statements that she has nightmares and flashbacks. This criticism is inapt. The ALJ acknowledged those symptoms and did not find Ms. B. has no limitations, only that they are not as severe as alleged and that those limitations supported by the record are accommodated by the RFC.

Second, Ms. B. contends the ALJ failed to identify which of her symptom statements he found to be less supported in the record. ECF No. 8 at 9. The ALJ

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 8

may not make non-specific conclusions that a claimant's testimony was inconsistent with the evidence, but neither is the ALJ required to provide a "line-by-line analysis of the claimant's testimony." *Lambert  v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). Here, the ALJ sufficiently related his reasoning to Ms. B.'s symptom claims.

For example, the ALJ found Ms. B.'s allegations regarding social limitations are undermined by her activities. *See* Tr. 23, 25. Ms. B. alleges that she has difficulty talking, remembering, completing tasks, concentrating, getting along with others, understanding, and following instructions, and she cannot mentally handle work and is unable to process anything. Tr. 23 (citing Tr. 221-228, 257-68, 301-12). The ALJ noted that despite these allegations, she takes care of her hygiene, drives, shops, cleans, makes her bed, and washes laundry. Tr. 26. She reported spending a large portion of her day playing video games, she socializes in person and on electronic devices, and she joined a gym and worked with a personal trainer during the period at issue. Tr. 304-05, 604. The ALJ also observed Ms. B. traveled extensively and did door-to-door volunteer work. Tr. 25-26. The ALJ rationally found these activities undermine her testimony that she is afraid of most people and other limitations alleged. Tr. 26.

Ms. B. contends that in evaluating her activities, the ALJ failed to consider how her mental health symptoms cause her to react to stress, unexpected triggers, social interaction, or criticism in a work setting, and that the ALJ failed to consider

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 9

characteristic waxing and waning of symptoms. However, even if the claimant experiences some difficulty or pain, her daily activities "may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. The ALJ reasonably considered Ms. B.'s activities in evaluating her symptom allegations.

Third, Ms. B. contends the ALJ failed to describe how her participation in treatment and activities is inconsistent with her description of her limitations. If the extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, an ALJ may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. Social Security Ruling 16-3p, 2017 WL 5180304, at *9 (effective October 25, 2017). The ALJ also noted Ms. B.'s treatment consisted of routine counseling and medication without side effects. Tr. 23. The ALJ observed Ms. B. has not had any psychiatric inpatient treatment and that she had been treated with Lexapro and Topamax. Tr. 23-24, 579. Her mental health treatment plan included learning coping skills, engaging in self-care twice a day, and increasing healthy diet. Tr. 587. And, even if this is not the most compelling or convincing reason for finding Ms. B.'s symptom statements less reliable, the ALJ cited other clear and convincing reasons for doing so.

The ALJ also found Ms. B.'s socially active lifestyle and extensive travel, and volunteer work are inconsistent with the severity of her alleged mental

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 10

limitations. Tr. 25-26. In particular, the ALJ noted Ms. B.'s volunteer work, which involved visiting strangers in their homes without invitation, is inconsistent with her allegations of being afraid of people due to anxiety. Tr. 26. Ms. B. minimizes and qualifies these activities, but acknowledges the record indicates she traveled to Kansas, Mexico, Arizona, and Ireland during the period at issue. ECF No. 9 at 12 (citing Tr. 49-52). The ALJ's conclusion that these activities are incompatible with Ms. B.'s symptom testimony is rational and must be upheld. *See Vazquez v. Kijakazi*, No. 22-35642, 2023 WL 5453198, at *1 (9th Cir. Aug. 24, 2023) ("[The claimant] contends that the [ALJ's reliance on a] long list of activities is deceptive, as she does not perform all of them every day and she is able to perform them at her own pace. Nevertheless, the ALJ's alternative interpretation of [the plaintiff's] daily activities is at least equally rational, and the reasoning is legally sufficient." (citing *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020)). "If the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Ford* at *id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

Based on the foregoing, the ALJ's reasons for not fully crediting Ms. B.'s symptom testimony are clear and convincing reasons supported by substantial evidence.

B.    Medical Opinion

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 11

Ms. B. asserts the ALJ failed to properly evaluate the medical opinion evidence by giving too much weight to DDS reviewer Matthew C., Psy.D.[2] She contends other evidence in the record should have outweighed Dr. C.'s opinion because Dr. C. did not review the entire record. Specifically, the last medical record reviewed by Dr. C. was dated July 25, 2023, whereas the ALJ was required to assess her condition through August 22, 2024, the date of the hearing. Ms. B. appears to suggest more restrictive mental limitations should have and would have been included in the RFC if Dr. C.'s opinion was not weighted as heavily by the ALJ.

The Court disagrees with Ms. B.'s criticisms of Dr. C.'s opinion. Although Dr. C. could not, of course, consider records post-dating his opinion, the ALJ considered the entire record, including records after July 25, 2023. *See* Tr. 25. As noted by the ALJ, in August 2023 mental status exam findings were essentially normal in every area except mood which was anxious. Tr. 772-74. When Ms. B.

---

[2] Ms. B.'s brief asserts the ALJ relied too heavily on the DDS reviewers yet mentions only the opinion of reviewing psychologist Matthew C. ECF No. 8 at 13. Carol Mahney, Ph.D., reviewed the record and completed a functional assessment in January 2023 which was slightly different from Dr. C.'s opinion. Tr. 67-87. Because the ALJ's analysis was the same for both reviewing mental opinions, the Court's assessment of the ALJ's consideration of Dr. C.'s opinion applies equally to Dr. Mahney's opinion.

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 12

appeared for an eye exam in October 2023, her mood and affect were normal. Tr. 725. Later that month, Ms. B. presented to her counselor with anxious mood and congruent affect, but all other mental status exam findings ranged from unremarkable to excellent and her functional status was noted to be intact. Tr. 798. Ms. B. contends records after July 25, 2023 identify persistent PTSD, anxiety, avoidance, panic, depression, and emotional dysregulation. However, she does not cite specific records or explain how any such records reflect limitations not considered in the ALJ's evaluation of Dr. C.'s opinion.

Ms. B. also contends cognitive testing by another psychologist, Dr. Schulz, shows cognitive functional impairment. ECF No. 8 at 13 (citing Tr. 604). However, Ms. B. is incorrect. Dr. Schulz stated, "Her cognitive abilities appear average." Tr. 604. As noted above, the ALJ cited Dr. Schulz's cognitive finding and noted it is consistent with Dr. C.'s opinion. Tr. 26.

Ms. B. seems to further assert Dr. C.'s opinion should be less persuasive because he did not list PTSD as a medically determinable impairment. However, Ms. B. is again incorrect. One of the medically determinable and severe mental impairments listed by Dr. C. is "trauma and stressor related disorders," Tr. 92, which includes disorders like PTSD. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00B11b, 12.15. Regardless, the question is whether the ALJ's findings regarding Dr. C.'s opinion are supported by substantial evidence. The Court concludes the

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 13

ALJ's consideration of Dr. C.'s opinion is based on a reasonable interpretation of the record and is supported by substantial evidence.

C.    Step Five

Ms. B. argues the ALJ's conclusion that she could perform other work is not supported by substantial evidence because the vocational expert's testimony was based on an incomplete hypothetical. ECF No. 8 at 14. According to Ms. B., the RFC finding failed to properly account for limitations related to being on task and absenteeism. ECF No. 8 at 15. Ms. B. restates her symptom allegations but does not point to any medical or psychological opinion which supports additional limitations in the record. As discussed throughout this order, the ALJ's findings regarding the medical opinion evidence challenged by Ms. B. and her symptom statements are supported by substantial evidence. Accordingly, the RFC finding and the hypothetical to the vocational expert are properly supported and the ALJ properly relied on the vocational expert's testimony for the step five finding.

Ms. B. further challenges the vocational expert's testimony regarding absenteeism. ECF No. 8 at 15. The vocational expert testified that in his experience, if a person is absent two or more days a month, they are at risk of losing employment. Tr. 62. When asked about sick leave and vacation, the vocational expert testified that to start, sick leave is normally "a maximum of 40 hours or five days per year" and typically one week of vacation. Tr. 64. Ms. B. argues the vocational expert's testimony is inconsistent because he testified that a person could

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 14

be absent 24 days per year but can only take a total of 10 days off combined for sick leave and vacation. ECF No. 8 at 15. The relevance of this argument is unclear as distinction between sick leave/vacation and general absenteeism is not at issue in this case. The ALJ did not need to rely on, explain, or address this testimony based on the properly supported residual functional capacity finding.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

1. Plaintiff Ms. B.'s Brief, **ECF No. 8**, is **DENIED**.

2. Defendant Commissioner's Brief, **ECF No. 13**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for the Defendant and the file shall be **CLOSED**.

**DATED** March 9, 2026.

REBECCA L. PENNELL
United States District Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 15